UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNI-TOP ASIA INVESTMENT LIMITED,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>SINOPEC INTERNATIONAL PETROLEUM EXPLORATION AND PRODUCTION CORPORATION<br><br>　　　　　　　　　　　　Defendants.<br><br>　　　　　　　　　　　　Respondent. | Civ. Action No.　20-1770 |

# PETITION TO CONFIRM AN INTERNATIONAL ARBITRAL AWARD

Petitioner UNI-TOP Asia Investment Limited ("UNI-TOP"), by its undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. §207 (the "FAA"), respectfully requests that this Court enter an order confirming the arbitral award (the "Award") issued by a China International Economic and Trade Arbitration Commission ("CIETAC") arbitral tribunal on June 30, 2017, in an arbitration between UNI-TOP and Sinopec International Petroleum Exploration and Production Corporation ("SIPC").[1]  In support of this Petition, UNI-TOP alleges:

## NATURE OF THE PETITION

1. UNI-TOP files this Petition to confirm the Award pursuant to 9 U.S.C. §207 and the U.N. Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").

---

[1] A duly certified copy of the Award (with a certified translation) is attached as Exhibit A hereto.

2. The Award arises out of an arbitration concerning UNI-TOP's efforts to enforce its rights, and to obtain payment from SIPC, in connection with an Agency Agreement signed on 4 March 2005 by and between UNI-TOP and SIPC (the "Agency Agreement"). As set forth in more detail in the accompanying memorandum, the Award orders SIPC (i) to pay UNI-TOP the agency commission under the Agency Agreement in an amount of $21,380,102 and overdue interest from August 14, 2014 based on the benchmark interest rate published by the People's Bank of China; (ii) to compensate UNI-TOP for its legal fees in the amount of RMB 300,000 and HK$ 259,865; and (iii) to pay to UNI-TOP the amount of $ 254,498.70 for the arbitration fees paid in advance by UNI-TOP.

## THE PARTIES

3. Petitioner UNI-TOP is a company organized under the laws of the British Virgin Islands ("BVI"), with its principal place of business in OMC Chambers, Road Town, Tortola, British Virgin Islands. Petitioner is a party to the Agency Agreement of March 4, 2005, that is the subject of the Award.[2] UNI-TOP is an affiliate of Universal Petroleum Development Company Limited, a Hong Kong company that is engaged in the business of trading crude oil and refined oil products. Universal Petroleum has had a trading relationship with PK and other entities in Kazakhstan since 2002.

4. Respondent SIPC is an agency, instrumentality, or organ of the People's Republic of China. It is organized as a corporation under the laws of the People's Republic of China, with its purported principal place of business in Beijing, People's Republic of China. SIPC is a subsidiary of China Petrochemical Corporation ("Sinopec")—the world's largest oil refining, gas

---

[2] A copy of the Agency Agreement is attached as Exhibit B.

and petrochemical conglomerates by revenue.  Sinopec owns 90.42% of SIPC and wholly controls SIPC with and for the Chinese state.  Sinopec is a wholly owned and wholly controlled agency or instrumentality of the Chinese state; it is managed and controlled by China's State-owned Assets Supervision and Administration Commission ("SASAC"), a ministerial-level commission of the State Council of the People's Republic of China.[3]  The State Council performs state functions similar to the executive-branch "Cabinet" in this country.  SIPC's other shareholders are indirectly wholly owned and controlled by the State Council.  SIPC is a party to the Agency Agreement that is the subject of the Award

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this proceeding pursuant to Section 203 of the FAA, which provides that actions or proceedings falling under the New York Convention arise under the laws and treaties of the United States and are subject to the original jurisdiction of the district courts of the United States.  9 U.S.C. § 203.  The United States is a party to the New York Convention (codified at 9 U.S.C. §§ 201 et seq.) and the recognition and enforcement of the Award in this matter is governed by that Convention.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1605(a)(6), which provide that federal district courts have original jurisdiction over actions against a foreign state (or its agency, instrumentality or organ) in an action to confirm an award made pursuant to an agreement to arbitrate which is governed by a treaty in force for the United States calling for the recognition and enforcement of arbitral awards.

---

[3] Award, p. 28, attached as Exhibit A.

6. This Court has personal jurisdiction over SIPC as an agency or instrumentality of the People's Republic of China under 28 U.S.C. § 1330(b). SIPC is an agency, instrumentality, or organ of the People's Republic of China or political sub-division thereof under 28 U.S.C. § 1603(a)-(b). SIPC is also an agency, instrumentality, or organ of the People's Republic of China because a majority of its shares are owned by China Petroleum & Chemical Corporation ("Sinopec"), which is a "foreign state or a political subdivision thereof" under 28 U.S.C. § 1603(a)-(b). SIPC is not immune from the jurisdiction of this Court for the purposes of this Petition because the FSIA denies immunity to foreign states (or their agencies, instrumentalities, or organs) in an action to confirm an arbitral award under the New York Convention. 28 U.S.C. § 1605(a)(6). In any event, SIPC has waived any immunity it might seek to assert in the underlying Agency Agreement. 28 U.S.C. §1605(a)(1).

7. SIPC is not required to show minimum contacts because it is not a "person" within the meaning of the due process clause of the U.S. Constitution. SIPC has also waived its right to challenge personal jurisdiction because the People's Republic of China is a signatory to the New York Convention. 28 U.S.C. §§ 1605(a)(1) and 1605(a)6.

8. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C § 1391(f).

## BASIS TO CONFIRM THE AWARD

9. UNI-TOP and SIPC (the "Parties") entered into an Agency Agreement on March 4, 2005. Under the Agency Agreement, SIPC appointed UNI-TOP as its exclusive agent to assist SIPC with acquiring shares in PetroKazakhstan Incorporated ("PK"), a Canadian corporation with oil and gas assets in Kazakhstan.

10. SIPC repeatedly refused to pay the agent remuneration due under the Agency Agreement and UNI-TOP commenced CIETAC arbitration against SIPC on September 30, 2015.

11. On June 30, 2017, the arbitral tribunal issued the Award. Among other things, the Award ordered (i) SIPC to pay UNI-TOP the agency commission under the Agency Agreement in an amount of US$ 21,380,102 and overdue interest from August 14, 2014 based on the benchmark interest rate published by the People's Bank of China; (ii) SIPC to compensate UNI-TOP for its legal fees in the amount of RMB 300,000 and HK$ 259,865; and (iii) SIPC to pay to UNI-TOP the amount of US$ 254,498.70 for the arbitration fees paid in advance by UNI-TOP.

12. The Award can and should be confirmed because all of the requirements of the New York Convention and Federal Arbitration Act are established and, for the reasons discussed in the accompanying memorandum of law, there are no grounds for refusal or deferral of recognition or enforcement of the Award.

13. In support of this Petition, UNI-TOP incorporates by reference its accompanying memorandum of law with exhibits.

## REQUEST FOR RELIEF

WHEREFORE, UNI-TOP respectfully requests that this Court grant:

a. an Order pursuant to 9 U.S.C. § 207 and Article III of the New York Convention confirming, recognizing, and enforcing the Award and entering Judgment thereon;

b. a Judgment in favor of UNI-TOP and against SIPC in the amount awarded to UNI-TOP in the Award, US$21,380,102, plus simple interest at the benchmark interest rate published by the People's Bank of China, running from August 14, 2014;

c. a Judgment in favor of UNI-TOP and against SIPC for the costs ordered in the Award, amounting to RMB 300,000, HK$ 259,865 and US$ 254,498.70.

d. an Award of UNI-TOP's costs of this civil proceeding, including reasonable attorneys' fees incurred in bringing this proceeding;

  e. an Order retaining jurisdiction of this Court over the matter for any proceedings as may be necessary to enforce the Award and any further awards or judgments, which may be obtained by UNI-TOP against SIPC; and

  f. any other relief that this Court deems necessary and proper.

Dated: June 29, 2020

               Respectfully Submitted,

               **WILMER CUTLER PICKERING HALE and DORR LLP**

               s/ David W. Bowker

               David W. Bowker
               David.Bowker@wilmerhale.com
               1875 Pennsylvania Avenue, NW
               Washington, DC 20006
               USA
               Tel: +1 202 663 6000
               Fax: +1 202 663 6363

               John V.H. Pierce (*pro hac vice pending*)
               John.Pierce@wilmerhale.com
               7 World Trade Center
               250 Greenwich Street
               New York, NY 10007
               United States of America
               Tel: +1 212 230 8829
               Fax: +1 212 230 8888

               Gary Born (*pro hac vice pending*)
               Gary.Born@wilmerhale.com
               Jonathan Lim (*pro hac vice pending*)
               Jonathan.Lim@wilmerhalecom
               49 Park Lane
               London W1K 1PS
               United Kingdom