UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNI-TOP ASIA INVESTMENT LIMITED,<br><br>                        Petitioner,<br><br>     v.<br><br>SINOPEC INTERNATIONAL PETROLEUM EXPLORATION AND PRODUCTION CORPORATION,<br><br>                        Respondent. | Civ. Action No. 1:20-cv-01770-DLF |

**MOTION FOR ORDER GRANTING ADEQUATE TIME
IN WHICH TO SERVE PROCESS PURSUANT TO U.S. SERVICE RULES
AND THE FOREIGN SOVEREIGN IMMUNITIES ACT**

Petitioner UNI-TOP Asia Investment Limited ("UNI-TOP"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(m), hereby moves this Court for the entry of an Order granting adequate time—*i.e.*, no less than eight (8) additional months from the date of any Order—in which to serve process on Respondent Sinopec International Petroleum Exploration and Production Corporation ("SIPC"). SIPC is an "agency," "instrumentality," or "organ" of the People's Republic of China and thus is subject to special service rules applicable to any "foreign state" within the meaning of U.S. law and the Foreign Sovereign Immunities Act ("FSIA").

## INTRODUCTION

Petitioner respectfully requests adequate time in which to serve process under the FSIA, which governs service on all foreign states and their agencies, instrumentalities, and organs. *See* Fed. R. Civ. P. 4(j)(1) (stating that service on such entities must comply with the FSIA at 28 U.S.C. § 1608(b)). Petitioner has complied with the applicable service rules at Rule 4(j)(1) and

1

28 U.S.C. § 1608(b) and, because service in China must occur through a designated government authority that typically takes many months to serve U.S. litigation documents, Petitioner requires additional time (no less than eight (8) additional months) to complete the time-consuming process of serving SIPC under these rules.

Petitioner has attempted—but SIPC has refused to accept—more expeditious and efficient forms of service.  Specifically, Petitioner attempted service by mail pursuant to a special arrangement between the Parties, but those efforts were unsuccessful because SIPC declined to accept service by that method.  Petitioner also attempted service by email, but that too was unsuccessful because SIPC again declined to accept such service.  Petitioner is now serving SIPC under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), as U.S. law requires, and respectfully requests no less than eight (8) additional months to complete this process with the assistance of the Chinese government's designated "Central Authority" in accordance with the Convention.

I.     **FED. R. CIV. P. 4(j)(1) AND THE FSIA DO NOT IMPOSE STANDARD TIME LIMITS ON SERVICE OF FOREIGN STATES AND THEIR AGENCIES, INSTRUMENTALITIES, OR ORGANS**

Federal Rule of Civil Procedure 4(j)(1) and the FSIA at 28 U.S.C. § 1608(b) do not impose time limits on service of process, and the Court has discretion to grant whatever time is necessary to permit service under these rules.  *See Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015) ("[D]ismissal is not appropriate when there exists a reasonable prospect that service can be obtained. . . . Furthermore, there is no statutory deadline for service under the Foreign Sovereign Immunities Act . . . ." (citation omitted)).  Although Federal Rule of Civil Procedure 4(m) provides an inapplicable default rule that the summons and complaint must be served on a defendant within ninety (90) days after the filing of the complaint—which, in this

2

case, was filed on June 29, 2020—Rule 4(m) also contains an express exception for "service in a foreign country" pursuant to other Rule 4 provisions, such as Rule 4(j)(1), which applies here. Fed. R. Civ. P. 4(m); *see also In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 432-33 (S.D.N.Y. 2009).  Rule 4(j)(1) requires that service comply not with standard rules, but rather with the special FSIA rules set forth in 28 U.S.C. § 1608(b), which governs service of process on a foreign state or its political subdivision, agency, or instrumentality.  *See* Fed. R. Civ. P. 4(j)(1). Therefore, the 90-day time limit of Rule 4(m) does not apply in this case and the Court may order that Petitioner serve process within whatever time it may take to comply with the special FSIA rules for service on SIPC.

**II.     PETITIONER HAS ATTEMPTED, DILIGENTLY AND IN GOOD FAITH, TO SERVE PROCESS ON RESPONDENT ACCORDING TO THE FSIA**

Rule 4(j)(1) requires service of process in accordance with the FSIA at 28 U.S.C. § 1608. *See* Fed. R. Civ. P. 4(j)(1).  When serving an agency, instrumentality, or organ of a foreign state, the FSIA provides three "hierarchical methods of service" by which service may be made:

1. In accordance with any special arrangement for service between the parties;

2. By delivery to an officer or authorized agent in the United States, or in accordance with the applicable international convention on service of judicial documents; or

3. By delivery as directed by letter rogatory, or by any form of mail requiring signed receipt, or as directed by order of the court consistent with the law of the place where service is to be made.

*Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32 (D.D.C. 2014); *see also* 28 U.S.C. § 1608(b).

Petitioner first sought to serve process on July 13, 2020, pursuant to a special arrangement for service between the parties.  Petitioner mailed the Summons and a copy of the Petition to Confirm an International Arbitral Award and related papers to the following address:

>Attn: Li Yong, Vice-Chairman and General Manager
>Sinopec International Petroleum Exploration and Production Corporation
>Building No. 1, Compound A6 Huixin East Street,
>Chaoyang District, Beijing
>China 100029

This was the address Respondent had provided and used for the delivery of arbitration-related papers.  The attempted service by mail here was thus undertaken in accordance with Article 8 of the CIETAC Arbitration Rules, which govern the Parties' communications in relation to their arbitration.  Article 8(1) provides that "[a]ll documents, notices and written materials in relation to the arbitration may be delivered in person or sent by registered mail or express mail, fax, or by any other means considered proper by the Arbitration Court or the arbitral tribunal."

Petitioner adhered to Article 8 of the CIETAC Arbitration Rules as a "special arrangement" between the parties within the meaning of 28 U.S.C. § 1608(b) because a petition to enforce an arbitration award is a document "in relation to" arbitration.  According to 28 U.S.C. § 1608(d), SIPC had sixty (60) days from the date of service to respond.  The Summons and a copy of the Petition to Confirm an International Arbitral Award and related papers were delivered to SIPC on August 7, 2020 (*see* Exhibit A); however, Respondent did not accept Petitioner's service by mail and denied receipt in an email dated August 21, 2020 (*see* Exhibit B).

Petitioner also attempted service by email to Zhang Quan, SIPC General Counsel, at qzhang.sipc@sinopec.com on August 18, 2020 (*see* Exhibit C), but Respondent again refused to accept such service (*see* Exhibit B).

**III.   PETITIONER SEEKS ADEQUATE TIME TO SERVE PROCESS IN ACCORDANCE WITH THE NEXT PERMISSIBLE METHOD UNDER THE FSIA**

If service by special arrangement is unavailable or unsuccessful, the FSIA requires service according to any applicable international convention.  28 U.S.C. § 1608(b).  The Hague

Service Convention applies here because China is a party to that convention.  Petitioner has already undertaken service of process in accordance with the Hague Service Convention and now merely needs sufficient time for China's designated Central Authority to complete the process.

Petitioner engaged Legal Language Services as a service provider to effect service in China in accordance with Article 5 of the Hague Service Convention.  A packet containing the Summons and a copy of the Petition to Confirm an International Arbitral Award and related papers (with Chinese translations) have been transmitted to China's Central Authority under the Hague Service Convention.  Petitioner understands from Legal Language Services and other sources that China's Central Authority typically takes six to eight months to complete the process of service.  Because China's Central Authority controls the process, however, Petitioner can neither accelerate nor guarantee this timeline.  Under these circumstances, courts have made clear that "the period for completion of service of process may be extended, as the timing of service is out of a plaintiff's control."  *In re S. African Apartheid Litig.*, 643 F. Supp. 2d at 432 (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court enter an Order granting no less than an additional eight (8) months in which to effect service on SIPC under the FSIA.

Dated: November 2, 2020 Respectfully submitted,

                                                                                          s/ David W. Bowker  
                                                                                          David W. Bowker  
                                                                                          Wilmer Cutler Pickering  
                                                                                             Hale and Dorr LLP  
                                                                                          1875 Pennsylvania Avenue, NW  
                                                                                          Washington, DC 20006  
                                                                                          Tel: (202) 663-6558  
                                                                                          Fax: (202) 663-6363